08-3463-ag
Chen v. Holder

BIA
Ferris, IJ
A 098 000 955

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
>  JOSEPH M. McLAUGHLIN,
>  BARRINGTON D. PARKER,
>  GERARD E. LYNCH,
>  *Circuit Judges.*

_____

HAI LIN CHEN, a.k.a. HAILINS CHEN,
a.k.a. HAILIN CHEN,
>  *Petitioner,*

>  v.                                    08-3463-ag
>                                        NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
>  *Respondent.*

_____

**FOR PETITIONER:**      *Pro Se*

**FOR RESPONDENT:**      **Michael F. Hertz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Lin Chen, a native and citizen of China, seeks review of the June 17, 2008 order of the BIA affirming the November 8, 2006 decision of Immigration Judge ("IJ") Noel Ann Ferris denying his application for asylum and withholding of removal. *In re Hai Lin Chen*, No. A 098 000 955 (B.I.A. June 17, 2008), *aff'g* No. A 098 000 955 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review

the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Chen has waived any challenge to the agency's finding that he failed to establish that he endured past persecution. In his brief before this Court, Chen argues, without any elaboration, that "the BIA abused its discretion in failing to consider that [he] established . . . past persecution." Even construed broadly, *see Weixel v. Board of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002), Chen's *pro se* brief does not sufficiently challenge the agency's specific finding that he could not establish past persecution in the absence of any evidence, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice).

With respect to Chen's Falun Gong claim, in his brief before this Court, Chen fails to challenge the agency's

findings that: (1) his insolent demeanor undermined his credibility; and (2) his testimony that he met with a Falun Gong group 36 times but did not know any of the members' names or ask them to submit affidavits on his behalf was implausible. Thus, he has waived any challenge to those findings, id., and they stand as valid bases for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

As to the findings that Chen does challenge, each was proper. Chen argues in his brief that the IJ erred by: (1) finding him not credible without identifying inconsistencies and omissions that were central to his persecution claim; and (2) failing to provide him with an opportunity to explain any perceived discrepancies in the record. The first of these arguments is without merit in light of the REAL ID Act of 2005, under which the IJ was entitled to rely on "*any* inconsistency or omission" in making her adverse credibility determination, whether or not that inconsistency was central to Chen's claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). As to Chen's second argument, it fails because the record reveals that the IJ asked clear and direct questions, and

repeated those questions in order to provide Chen with numerous opportunities to explain discrepancies.  *See Majidi v. Gonazales*, 430 F.3d 77, 81 (2d Cir. 2005) (holding that "an IJ may rely on an inconsistency in an asylum applicant's account to find that applicant not credible . . . without soliciting from the applicant an explanation for the inconsistency").  Thus, we are not compelled to disagree with the IJ's denial of Chen's application for asylum and withholding of removal because the only evidence that he would be persecuted depended on his credibility.  *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk